UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                 :

UNITED STATES OF AMERICA

                                                                 :    PRELIMINARY ORDER OF
   - v. -                                                    FORFEITURE/
                                                                 :    <u>MONEY JUDGMENT</u>

DAVID HATTERSLEY,

                                                                 :    19 Cr. 836 (VSB)
              Defendant.                        22 Cr. 586 (VSB)
                                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about November 19, 2019, DAVID HATTERSLEY (the "Defendant"), was charged in a six-count Sealed Indictment, 19 Cr. 836 (VSB) ("Indictment-1"), with bank robbery, in violation of Title 18, United States Code, Sections 2113(a) and 2 (Counts One, Two, and Six); and Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951(a) and 2 (Counts Three, Four, and Five);

        WHEREAS, on or about October 17, 2019, the Defendant was charged in the District of Massachusetts in a one-count Indictment, 19 Cr. 10404, which was transferred to the Southern District of New York on or about November 7, 2022, and designated as Indictment 22 Cr. 586 (VSB) ("Indictment-2"), charging the Defendant with bank robbery, in violation of Title 18, United States Code, Sections 2113(a) and (d) (Count One);

        WHEREAS, Indictment-1 included a forfeiture allegation as to Counts One through Six of Indictment-1, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Six of Indictment-1, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Six of Indictment-1;

WHEREAS, Indictment-2 included a forfeiture allegation as to Count One of Indictment-2, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense charged in Count One of Indictment-2;

WHEREAS, on or about April 27, 2023, the Defendant pled guilty to Counts One through Six of Indictment-1 and Count One of Indictment-2;

WHEREAS, the Government asserts that $15,876.44 in United States currency represents proceeds traceable to the offenses charged in Counts One through Six of Indictment-1 and Count One of Indictment-2 that the Defendant personally obtained, recognizing that $12,400 of that $15,876.44 was recovered by law enforcement and returned to the victim of the offense charged in Count One of Indictment-2 (the "Recovered Funds");

WHEREAS, the Government seeks a money judgment in the amount of $15,876.44 in United States currency, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), representing the proceeds traceable to the offenses charged in Counts One through Six of Indictment-1 and Count One of Indictment-2 that the Defendant personally obtained, recognizing that the Recovered Funds were recovered by law enforcement and returned to the victim of the offense charged in Count One of Indictment-2; and

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Six of Indictment-1 and Count One of Indictment-2 that the Defendant personally obtained, cannot be located upon the exercise of due diligence, with the exception of the Recovered Funds.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1.     As a result of the offenses charged in Counts One through Six of Indictment-1, and Count One of Indictment-2, to which the Defendant pled guilty, a money judgment in the amount of $15,876.44 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Six of Indictment-1 and Count One of Indictment-2 that the Defendant personally obtained, shall be entered against the Defendant.

2.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant DAVID HATTERSLEY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.     All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.     The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

*[signature: Vernon Broderick]*                                        April 18, 2024
HONORABLE VERNON S. BRODERICK                  DATE
UNITED STATES DISTRICT JUDGE